## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20608-CIV-LENARD/TORRES

HOME MANAGEMENT SOLUTIONS,
INC., a Georgia corporation,

      Plaintiff,

v.

PRESCIENT, INC., a Florida
corporation; NATIONAL HOME
MANAGEMENT SOLUTIONS, LLC,
a Florida limited liability company;
and NATIONAL HOME MANAGEMENT
SOLUTIONS OF NEW YORK, LLC,
a New York limited liability company;
and ARTURO TORANO a/k/a
ARTHUR TORANO, individually,

      Defendants.
_____/

### ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES,
### MOTION FOR MORE DEFINITE STATEMENT OF COUNTERCLAIM
### AND MOTION TO STRIKE IMMATERIAL MATTER FROM COUNTERCLAIM

This matter is before the Court on Plaintiff's Motion to Strike Affirmative Defenses [D.E. 61] and Motion for More Definite Statement of Counterclaim [D.E. 62]. The Court has reviewed the motions, responses, replies, and the record in this case. These motions are now ripe for disposition. For the reasons that follow in this non-dispositive Order, the motions will be Granted in Part and Denied in Part.[1]

_____

[1] It is well settled that motions to amend or strike pleadings are non-dispositive motions that may be referred and ruled upon by a magistrate judge by order unless they have a dispositive effect. Because the order granting relief herein is without prejudice and with leave to amend, no dispositive effect is intended. *See, e.g., Wingerter v. Chester Quarry Co.,* 185 F.3d 657 (7th Cir. 1998); *Miller v. Loughren,* 258 F. Supp. 2d 61 (N.D.N.Y. 2003); *Indiana Gas Co., Inc. v. Aetna Cas. & Sur. Co.,* 1995 WL 866417 (N.D. Ind. 1995); *Schrag v. Dinges,* 144 F.R.D. 121 (D. Kan. 1992).

## I.  BACKGROUND

In its Motion to Strike Affirmative Defenses, Plaintiff seeks to strike the first, second, third, fourth, fifth, and eighth affirmative defenses, alleging they are legally insufficient.  In response, Defendant withdrew his first affirmative defense, but argues that the remaining defenses are sufficiently pled under Fed. R. Civ. P. 8(a).  Plaintiff replies that the remaining affirmative defenses at issue still are "are no more than bare bones conclusory allegations[,]" which must be stricken as they are insufficient as a matter of law.   [D.E. 68 quoting *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)].

In its Motion for More Definite Statement of Counterclaim, Plaintiff argues that Defendant Prescient's  counterclaim is incomprehensible and that it contains immaterial and impertinent matter.  Plaintiff also requests that the Court strike Prescient's claim for the award of attorney's fees as it has not sued Plaintiff under a contract or statute that allows the assertion of such a claim.  Prescient responds that its counterclaim adequately provides Plaintiff notice of the claims alleged.  Prescient also argues that Plaintiff's motion to strike Prescient's claim for attorney's fees is dependent on the outcome of its motion to compel arbitration and should be held in abeyance until the latter is decided.  Plaintiff replies that Prescient's counterclaim does not comply with the requirements of Rule 8(a) by providing a short and plain statement of the facts of its claim that Plaintiff committed breaches of fiduciary duties.  Plaintiff also argues in its reply that Prescient has conceded that it has no statutory or contractual right to attorney's fees and that, if this case ever goes to arbitration, Prescient should then file a claim for such fees, but not in this proceeding.

## II.   LEGAL STANDARDS

### A.   *Motion to Strike Affirmative Defenses*

Fed. R. Civ. P. 12(f) states that "[u]pon motion made by a party before responding to a pleading, . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Although Rule 12(f) allows a court to strike insufficient affirmative defenses, courts recognize that  motions to strike seek drastic relief and, therefore, disfavor them.   *Augustus v. Bd of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).  Such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Id.*; *Agan v. Katzman & Korr, P.A.,* 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004).

Affirmative defenses, however, are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations.  *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, No. 04-60861, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)).  Furthermore, courts have "broad discretion in disposing of motions to strike."  *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.*, No. 06-22139, 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

An affirmative defense should only be stricken when it is insufficient as a matter of law.  *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (*Anchor Hocking Corp.*, 419 F. Supp. at 1000)).  "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  *Microsoft Corp. v. Jessee's*

*Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Larson v. Correct Craft, Inc.*, No. 05-CV-686-ORL31JGG, 2005 WL 1902438, at *1 (M.D. Fla. Aug. 8, 2005).

   **B.   *Motion for More Definite Statement***

   Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief.  "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Danow v. Borack*, 197 Fed. Appx. 853, 855 (11th Cir. 2006) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001)).  Where a plaintiff has filed a shotgun pleading, he should be required to provide a more definite statement to avoid placing an unfair burden on the defendant.  *Id.*  Fed. R. Civ. P. 12(e) provides the mechanism by which a party moves the court to require a more definite statement.  The Rule provides that if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

   Generally, however, Federal courts disfavor motions for a more definite statement, in view of the liberal pleading and discovery requirements set forth in the Federal Rules. *See, e.g., Hobbs v. BH Cars, Inc.,* 2004 WL 1242838, *2 (S.D. Fla. June 4, 2004) (citing *Bazal v. Belford Trucking Co.,* 442 F. Supp. 1089, 1101-02 (S.D. Fla. 1977)).  Pleadings provide notice, whereas discovery procedures provide "the intricacies of the issues and evidence for trial." *Id.* (citing *Betancourt v. Marine Cargo Mgmt.,* 930 F. Supp. 606, 608 (S.D. Fla. 1996)).  Thus, a motion for a more definite statement will be granted only if " 'the pleading is so vague or ambiguous that the opposing party cannot respond in good faith or without prejudice to himself.' " *Id.* (quoting *Adelphia Cable Partners, L.P. v. E & A Beepers Corp.,* 188 F.R.D. 662, 665 (S.D. Fla. 1999)).

### III.   ANALYSIS

**A.      _Motion to Strike Affirmative Defenses is Granted in Part_**

As previously noted, Defendant has withdrawn his first affirmative defense.  The Court will, therefore, only analyze the remaining challenged affirmative defenses for legal sufficiency as a matter of pleading.

Prescient's second affirmative defense states that Plaintiff's claims are barred because the parties have modified the Joint Venture Agreement through subsequent agreements, course of conduct and dealings.  As pled, this affirmative defense is in actuality a denial.  Prescient is in effect alleging that the parties' operative agreement does not provide what Plaintiff claims it does.  "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial."  5 Charles Alan Wright & Arthur R. Miller, _Federal Practice & Procedure_ § 1269 (3d ed. 2004).  When this occurs, the proper remedy is not strike the claim, but rather to treat is as a specific denial.  _Ohio Nat'l Life Assur. Corp. v. Langkau_, No. 3:06-CV-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006) (citing _Etienne v. Wal-Mart Stores, Inc._, 197 F.R.D. 217, 220-21 (D. Conn. 2000)).

This analysis also applies to Prescient's sixth affirmative defense.  In its sixth affirmative defense, Prescient disputes the existence of damages.  Rather than strike this defense, the Court should also treat it as a specific denial.

Prescient's third affirmative defense, on the other hand, states that Plaintiff's claims are barred because it has waived any right to strictly enforce the agreement due to subsequent agreements, course of conduct and dealings.  Waiver is the last one of the nineteen affirmative defenses expressly identified in Fed. R. Civ. P. 8(c).  "An affirmative defense is subject to the same pleading requirements as is the complaint."  _Woodfield v. Bowman_, 193 F.3d 354, 362 (5th Cir. 1999) (citing Fed. R. Civ. P. 8(e)).  Although Fed. R.

Civ. P. 8 clearly requires only notice pleading, a defendant must nevertheless plead an affirmative defense with enough specificity or factual support to give the plaintiff "fair notice" of the defense that is being asserted.  *Id.*

A defense of waiver is based upon the intentional relinquishment of a known right. *See, e.g., United States v. Lewis*, No. 06-11876, 2007 WL 2033823, at *2 (11th Cir. July 17, 2007).  Although Prescient states that Plaintiff has waived his rights to enforce the Joint Venture Agreement by entering into subsequent agreements and through course of conduct and dealings, Prescient does not plead the specific elements of waiver or provide any factual support to give Plaintiff fair notice of its defense.  For example, Plaintiff does not know what subsequent agreement, course of conduct or dealing Prescient is referring to or what type of conduct or operative facts on Plaintiff's part gave rise to a waiver.

Therefore, if Prescient intends to pursue this defense it will need to plead some factual basis to give Plaintiff fair notice of its defense.  "Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (explaining the need for factual support to give defendant fair notice of claims, but equally applicable to defenses).

This reasoning also applies to Prescient's fourth, fifth and eighth affirmative defenses.  In its fourth affirmative defense, Prescient pleads estoppel, but fails to satisfy the elements of estoppel and to provide factual support for its defense.  To successfully invoke estoppel as a defense, Prescient must at least plead: "(1) words, conduct, or acquiescence that induces reliance; (2) willfulness or negligence with regard to the acts, conduct, or acquiescence; [and] (3) detrimental reliance." *Savoury v. U.S. Attorney Gen.*, 449 F.3d 1307, 1319 (11th Cir. 2006) (citing *United States v. McCorkle*, 321 F.3d 1292,

1297 (11th Cir. 2003)).  Prescient merely states that Plaintiff is estopped from asserting its purported reading of the Joint Venture Agreement by its subsequent agreements, course of conduct and dealings.  Again, such scant pleading fails to provide Plaintiff fair notice of its defense.  The key factual allegation in an estoppel defense is reliance, but as pled there is no way for Plaintiff to identify what specifically Prescient claims to have relied upon to give rise to an estoppel.  This defense must be stricken.

Prescient's fifth and eighth affirmative defenses are insufficient for the same reasons.  Prescient asserts unclean hands and setoff, but fails to plead any supporting facts or the elements of the defenses.  And since the claims raised here are legal in nature, it is difficult to see how an "unclean hands" defense would apply, at least without some factual statement.  These defenses must also be stricken.[2]

**B.** **_Motion for a More Definite Statement is Denied_**

Plaintiff next argues that Prescient's counterclaim is incomprehensible and that it cannot be expected to frame a responsive pleading.  It specifically takes issue with the broadening of claims by including "such as, for example and without limitation" in its counterclaims.  Plaintiff argues that Prescient should be required to give a more definite statement outlining all the specific instances to which they are referring to in the counterclaim or the subject language should be stricken as manifestly impertinent and immaterial.  Plaintiff also argues that Prescient's allegation that Plaintiff engaged in unethical conduct, without stating more, is vague.  Plaintiff makes the same argument with respect to Prescient's allegations that Plaintiff repeatedly leveled "knowingly false or reckless charges . . . thereby forcing the Venture to divert . . . time and resources in

---

[2]     The Court finds, however, that Prescient's seventh affirmative defense is sufficient for pleading purposes as it is a statement of a legal defense that can be preserved in an answer and, as such, it is not necessary that it be repled.

addressing the allegation" and that Plaintiff failed "to exercise and discharge his duties . . . in a manner consistent with . . . responsible and careful members of the community holding similar office."

Additionally, Plaintiff separately argues that paragraph 11(h) of the Counterclaim should be stricken under Rule 12(f) because it attempts to assert a negligence claim by one joint venture partner against another, which, as a matter of law, cannot be done. Lastly, Plaintiff seeks to strike Prescient's claim for the award of attorney's fees, arguing that it has not sued Plaintiff under a contract or statute, providing for such an award.

The Court disagrees with Plaintiff here and finds that a more definite statement is not needed in this case. The inclusion of broadening language does not defeat the notice that was otherwise provided to Plaintiff by the allegation. So long as a matter has been sufficiently, albeit generally, pled with enough factual background, the "narrowing down of the allegation to certain specific instances is a task to be undertaken through discovery. A motion for a more definite statement is not a substitute for discovery." *Betancourt v. Marine Cargo Mgmt, Inc.*, 930 F. Supp. at 608 (citing *Campbell v. Miller*, 836 F. Supp. 827, 832 (M.D. Fla. 1993)).

Furthermore, Prescient's allegations that Plaintiff and/or its representative engaged in unethical conduct, knowingly leveled false or reckless charges, and failed to discharge his duties responsibly, although not as specific as Plaintiff would prefer, are sufficient to meet the notice pleading requirement under Fed. R. Civ. P. 8(a). The Court finds that Plaintiff has fair notice of the acts that Prescient alleges Plaintiff engaged in, which breached its fiduciary duties. Unlike certain of Prescient's affirmative defenses, which failed to specify any acts on which they were based, the counterclaims do plead material and sufficient acts to "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1965. Again, Plaintiff will have an opportunity to determine the

specific instances of alleged misconduct through discovery.  A motion for more definite statement is not, however, required because what has been alleged is not so vague or ambiguous that Plaintiff/Counter-defendant could not in good faith respond.

With respect to Plaintiff's additional argument that paragraph 11(h) should be stricken because it attempts to improperly assert a negligence claim, the Court finds that the sufficiency of paragraph 11(h) should not be tested through a motion for a more definite statement or to strike; rather, a Rule 12(b)(6) motion to dismiss would be the proper avenue to challenge such a claim.  No such motion was filed, however.  The defense can, of course, be preserved in the answer to the counterclaim and raised at subsequent stages of the case.

Finally, Prescient's claim for the award of attorney's fees will not be stricken. Prescient merely seeks to preserve its right to such an award should the case ultimately be arbitrated.  The Court finds, again, that Plaintiff's argument to the contrary is best left adjudicated at a later date, if it becomes necessary after disposition of the arbitration issue.  For now, it is not improper for Prescient to have preserved that issue as a matter of pleading at the initial stage of this case.

### III.   CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion to Strike Affirmative Defenses [D.E. 61] is **GRANTED IN PART AND DENIED IN PART** and  Plaintiff's Motion for More Definite Statement of Counterclaim is **DENIED** [D.E. 62].  Prescient's third, fourth, fifth, and eighth affirmative defenses are **STRICKEN** but with leave to amend.  If

Prescient intends to amend and re-plead some or all of these defenses, it shall do so no later than ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 21st day of August 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge

cc:
Honorable Joan A. Lenard
All counsel of record